WILLIAM P. BAIRD *et al.*, Appellants, v. JAMES P.
GEORGE, Respondent.

St. Louis Court of Appeals, April 24, 1888.

1. PRACTICE, APPELLATE—CASE FOR AFFIRMANCE.—When the record
   shows that the cause was heard upon conflicting evidence before
   the court sitting as a jury, that no exceptions were saved to the
   admission of evidence, that no instructions were asked for or given,
   and that no motion for new trial was filed for two months after
   the trial, there is nothing for review, and the only disposition
   possible is an affirmance of the judgment.

2. ——— ——— MOTION FOR REHEARING.—When the record shows
   that there is no case for a review, a motion for rehearing on
   grounds connected with the conduct of adverse counsel and a
   stipulation as to filing the bill of exceptions, is not entitled to
   consideration.

APPEAL from the Dunklin Circuit Court, HON.
JOHN G. WEAR, Judge.

*Affirmed.*

HENRY N. PHILLIPS, for the appellants: In this
case it was agreed between the attorneys for appellants
and respondent that the bill of exceptions, though filed
out of time, should be the bill of exceptions in this case.
It is true that the bill of exceptions in this case was
not signed in time, but the same stipulation was made
in this case, as in the case of *Baird & Waltrip v. Taylor,
post*, p. 580.

HOUCK & KEATON, for the respondent: There is
no bill of exceptions in this case properly; no motion
for a new trial, nor in arrest of judgment preserved in a
bill of exceptions, and no error in the record proper.
*Holloway v. City of Moberly*, 18 Mo. App. 553. There
is no assignment of error even in brief of counsel for
appellants, nor is there any error in this record. Rev.
Stat., sec. 3764; *McFerran v. McKinney*, 18 Mo. App.
649.

Rombauer, P. J., delivered the opinion of the court.

The record in this cause is in such condition as to present nothing for review. The cause was tried before the court sitting as a jury, on conflicting evidence, and judgment was rendered in favor of defendant. No exceptions to the admission of evidence are saved, and no instructions were asked or given. Judgment was rendered January 8, 1887. The record recites that the motion for new trial was filed on the — day of March, 1887, although the clerk's endorsement shows it to have been filed June 8, 1887. As motions for new trial must be filed within four days after judgment, the motion thus filed was unwarranted in either event, and the court committed no error in overruling it. The only assignment of error filed in this court is that the verdict is against the weight of evidence.

This statement shows that the only disposition we can make of the appeal is to affirm the judgment. So ordered. All concur.

Peers, J., delivered the opinion of the court on motion for rehearing.

A motion for rehearing in this case is filed by appellants, based on the conduct of one of the attorneys for the respondent. Affidavits both in support of and against the motion are presented to the court, but as the case was decided upon points different from that called to the attention of the court by the motion, we see no good reason why the points raised in the motion for rehearing should be commented upon. We will say that the judgment of the lower court has not been affirmed because the bill of exceptions has not been filed in time, but (1) because the motion for new trial has not been filed in time ; and (2) because no exceptions are brought here for review, regardless of the fact whether a motion for new trial was filed in time or not, and we cannot very well see how these matters could be remedied by stipulation as to filing bill of exceptions.

If the conduct charged in the motion for rehearing is true, language cannot be found too strong to condemn it, but as it affords in this case—for reasons above,—no ground for rehearing, the motion will be overruled. All concur.